CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 02 2012

JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **JARED ARLEDGE,** | ) | **CASE NO. 7:12CV00486** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **vs.** | ) | |
| | ) | |
| **HENRY VAN OVER, ET AL.,** | ) | **By: James C. Turk** |
| | ) | **Senior United States District Judge** |
| **Defendant(s).** | ) | |

Jared Arledge, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that various individuals' actions caused him to receive an unreasonable sentence. Upon review of the record, Upon review of the record, the court finds that the complaint must be construed as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and summarily dismissed without prejudice for failure to exhaust state court remedies.[1]

**I**

Arledge makes the following allegations. Dickinson County Circuit Court Judge Henry Van Over should have excused himself from Arledge's case because he had a conflict of interest, based on the fact that Arledge's cousins killed Van Over's grandfather years ago. Judge Van Over imposed a ten-year sentence on Arledge, an unreasonably severe sentence because it was Arledge's "first time in trouble." Compl. 2-3. Buddy Wallen, the public defender who represented Arledge, also had a conflict of interest, since Wallen was the Commonwealth's Attorney at the time of the cousins' trial for killing the judge's grandfather. Wallen also provided ineffective assistance to Arledge by failing to move for Judge Van Over's recusal and

[1] Rule 4 of the Rules Governing § 2254 cases authorizes this court to summarily dismiss a habeas corpus action if it is clear from the face of the pleading that petitioner is not entitled to relief.

for failing to object to the sentence as unreasonable. The Commonwealth's Attorney who prosecuted Arledge, Josh Newberry, knew about the conflicts of interest that the judge and the public defender had in this case, but did nothing to alleviate the problem.

Arledge sues the judge, the public defender, and the prosecutor. As relief, Arledge seeks a new sentencing hearing before a different judge, with a different public defender, and a reduction in his sentence.[2]

**II**

A district court is not constrained by a litigant's style of pleading or request for relief and may liberally construe a civil rights complaint as a habeas petition, pursuant to § 2254. Hamlin v. Warren, 664 F.2d 29, 30 (4th Cir. 1981). To determine whether an action is properly considered a habeas corpus petition requiring exhaustion of state court remedies pursuant to § 2254(b), rather than a civil rights complaint under § 1983, a court must consider whether the "core" of the litigant's claim concerns the fact or duration of the litigant's confinement. Preiser v. Rodriguez, 411 U.S. 475 (1973); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

Arledge's claims allege that the defendants' conflicts of interest, and the prosecutor's failure to object on the basis of those conflicts, caused Arledge to be wrongfully sentenced. Because the complaint thus contests the length of Arledge's confinement in the Virginia prison system, his claims are not cognizable under § 1983, and his sole remedy is to bring a habeas petition under 28 U.S.C. § 2254. Preiser, supra. Therefore, the court concludes that Arledge's claims are appropriately construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

[2] Arledge also demands as relief: written reprimands against all three defendants, and an investigation and disciplinary action by the Virginia State Bar against all three defendants. Arledge is hereby advised that such disciplinary actions against attorneys are not instigated through a federal court action.

Provided that a newly construed § 2254 petition meets the threshold requirements for habeas actions under this section, the court can address the petition's claims on the merits. Haines v. Kerner, 404 U.S. 519 (1972). Under 28 U.S.C. § 2254(b), however, a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which petitioner was convicted. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the § 2254 petition without prejudice to allow him to return to state court. Slayton v. Smith, 404 U.S. 53 (1971).

Nothing in Arledge's submissions suggests that he has presented his current claims to the Supreme Court of Virginia as required for exhaustion of state court remedies under § 2254(b). Moreover, state court records available online indicate that Arledge was sentenced in February 2012 and that his criminal appeal is currently pending before the Court of Appeals of Virginia. If his appeal is unsuccessful, Arledge may then appeal to the Supreme Court of Virginia and, thereafter, pursue state court habeas corpus proceedings, if warranted. Because Arledge clearly has not exhausted available state court remedies at this time, this court may not grant relief on his conflict of interest claims and must summarily dismiss the petition without prejudice to allow Arledge to pursue his claims first in state court. Slayton, supra. An appropriate order will enter this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 2nd day of November, 2012.

Senior United States District Judge